IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DANA WAYNE WASHINGTON | § | |
| VS. | § | CIVIL ACTION NO. 9:19-CV-143 |
| STEPHEN MARTIN, *et al.*, | § | |

MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS
AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Dana Wayne Washington, an inmate confined at the Eastham Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Stephen Martin, Dotun M. Fasan, Michael S. Brown, OlaJire F. Famakin, Mark Roberts, Beth Pipkins, Bryan Collier, and Kenneth E. Hutto

The Court referred this matter to the Honorable Christine Stetson, United States Magistrate Judge, at Lufkin, Texas, for consideration pursuant to applicable laws and orders of this court.[1] Former Magistrate Judge Keith Giblin recommended dismissing the complaint as frivolous and for failure to state a claim.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After a careful review, the Court finds plaintiff's Objections lacking in merit. While Plaintiff continues to argue Defendants Fasan and Famakin were deliberately indifferent when they rolled open the doors despite seeing inmates arms and hands reaching out to retrieve dirty clothes, these

---

[1] This civil action was originally referred to former Magistrate Judge Keith Giblin who retired in August of 2021. The case was referred to Magistrate Judge Christine Stetson on September 15, 2021 (Doc. # 19).

allegations are conclusory. Plaintiff offers no specific factual allegation that both Defendants had actual knowledge of a risk to Plaintiff and disregarded that risk. *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019). In fact, in his Objections, Plaintiff argues the Defendants failed to exercise reasonable care while operating the cell doors without safety procedures which equates to a claim of negligence. As outlined in the Report and Recommendation, actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference. *Hernandez v. Texas Dep't of Protective & Regulatory Services*, 380 F.3d 872, 883 (5th Cir. 2004); *Alton v. Texas A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999).

With respect to his claims against Defendant Brown for allegedly refusing to transport Plaintiff to a hospital or another TDCJ facility for medical attention, Plaintiff's allegations here are also conclusory. Plaintiff simply states Defendant Brown saw that Plaintiff's right arm and wrist were swollen and needed medical attention soon and still denied Plaintiff the right to medical care.[2] A prison official's "failure to alleviate a significant risk that the official should have perceived, but did not," however, is insufficient to show deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)). Plaintiff fails to plead specific facts alleging that Defendant Brown was aware of facts from which the inference could be drawn that a substantial risk of serious harm to Plaintiff existed and he actually drew the inference. *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009). Furthermore, a delay in delivering medical care creates a constitutional liability only where the alleged deliberate indifference results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). Plaintiff's assertion that Defendant Brown failed to use reasonable care and his citation to the Texas Civil Practice & Remedies Code invokes the legal elements of a negligence claim which are insufficient to support a claim of deliberate indifference. *Hernandez*, 380 F.3d at 883; *Alton*, 168

---

[2]Plaintiff's own exhibits attached to his complaint indicate that no marks, swelling or deformity were noted when Plaintiff went to the clinic on September 9, 2018. In addition, the notes reflect that Plaintiff was "acting out" and was asked to leave due to his actions and that he could return when he could "control his actions" in the clinic. Correctional Managed Health Care Notes, pg. 13 (Doc. # 1-5).

F.3d at 201.  To the extent Plaintiff continues to assert Defendant Brown violated his constitutional rights by failing to follow TDCJ policy, this claim still lacks merit.  A failure to follow TDCJ policy, without more, fails to invoke constitutional concerns.  *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hill v. Walker*, 718 F. App'x 243, 250 n. 31 (5th Cir. 2018).[3]

In his Objections with respect to his claims against Defendant Martin, Plaintiff invokes Defendant Martin's contractual obligations and the Texas Occupation Code.  Plaintiff again asserts conclusory allegations that Defendant Martin saw Plaintiff's swollen arm and wrist with discoloration and knew that Plaintiff needed emergency medical care and failed to provide it. Plaintiff's factual allegations are insufficient to support a claim of deliberate indifference as they fail to allege Defendant Martin was aware of facts from which the inference could be drawn that a substantial risk of serious harm to Plaintiff existed and he actually drew the inference.  *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009).  Furthermore, Defendant Martin's unspecified contractual obligations and duties under the Texas Occupation Code are insufficient to support a claim of deliberate indifference.

Finally, Plaintiff argues his claims against Defendants Collier, Hutto, Pipkins and Roberts, all supervisors, should not be dismissed as Plaintiff has sufficiently alleged deliberate indifference. Plaintiff argues as supervisors, they are liable for the actions or inactions of their employees, regardless of whether they had knowledge of the specific incident at issue.  It is well settled, however, that under § 1983, supervisors "are not liable for the actions of their subordinates on any theory of vicarious liability."  *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).  A supervisor is not liable for the actions of his subordinates unless: (1) he affirmatively participated in an act that caused a constitutional deprivation, or (2) he implemented an unconstitutional policy that resulted in injury to the plaintiff.  *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992) (citing *Thompkins*, 828 F.2d at 303)).  To invoke the personal involvement requirement Plaintiff alleges he

---

[3] In these same Objections, Plaintiff later admits that Defendant Brown escorted Plaintiff to the infirmary to get medical attention for his broken arm and alleges unidentified medical staff refused to see him.

3

submitted grievances to Defendants Hutto, Roberts and Pipkins informing them he had a broken arm and was denied medical attention. Assuming this is sufficient to invoke their personal involvement, Plaintiff still fails to allege specific facts that these supervisory Defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm to Plaintiff existed and they actually drew the inference. *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009). The grievances attached by Plaintiff to his complaint show that Defendants Hutto and Roberts investigated Plaintiff's concerns and discovered that Plaintiff was seen by medical on September 9, 2018 and no issues were noted at the time. Grievances, pgs. 2 & 6 (Doc. # 1-3).[4] As Plaintiff neither alleges sufficient facts showing the personal involvement of these Defendants in a constitutional violation nor the implementation of an unconstitutional policy to support a claim for supervisory liability, Defendants Hutto, Pipkins, Collier and Roberts cannot be liable for the actions of their subordinates or any theory of vicarious liability.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

**SIGNED** this the **16** day of **March, 2022.**

Thad Heartfield
United States District Judge

---

[4] The exhibits do not appear to contain a grievance received by Defendant Pipkin.